1   DAVIS WRIGHT TREMAINE LLP
2   MARTIN L. FINEMAN, State Bar No. 104413
    martinfineman@dwt.com
3   ANNA R. BUONO, State Bar No. 232753
    annabuono@dwt.com
4   865 South Figueroa Street, Suite 2400
    Los Angeles, CA 90017
5   Telephone: (213) 633-6800
    Facsimile: (213) 633-6899
6

7   NIRO HALLER & NIRO, LTD.
    RAYMOND P. NIRO (pro hac vice application forthcoming)
8   rniro@nshn.com
    CHRISTOPHER J. LEE (pro hac vice application forthcoming)
9   clee@nshn.com
    FREDERICK C. LANEY (pro hac vice application forthcoming)
10   laney@nshn.com
    LAURA A. KENNEALLY (pro hac vice application forthcoming)
11   lkenneally@nshn.com
    BRIAN E. HAAN (pro hac vice application forthcoming)
12   bhaan@nshn.com
    181 West Madison Street, Suite 4600
13   Chicago, Illinois 60602
    Telephone: (312) 236-0733
14   Facsimile:  (312) 236-3137
15

16   Attorneys for Plaintiff
    UNIVERSAL ELECTRONICS INC.
17

18          IN THE UNITED STATES DISTRICT COURT

19      CENTRAL DISTRICT OF CALIFORNIA -- SOUTHERN DIVISION

20

21   UNIVERSAL ELECTRONICS INC.,        Case No.
                                          SACV13-00984 JAK (SHx)
22                      Plaintiff,      COMPLAINT FOR PATENT
                                        INFRINGEMENT
23         v.
                                        JURY TRIAL DEMANDED
24   UNIVERSAL REMOTE CONTROL,
25   INC.,

26                      Defendant.

27

28   COMPLAINT
    DWT 22214983v1 0095529-000001

FILED
2013 JUN 28  PM 1:31
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY:

1        Plaintiff Universal Electronics Inc. complains of Defendant Universal

2   Remote Control, Inc. as follows:

### NATURE OF CASE

4        1.      This is a claim for patent infringement that arises under the patent

5   laws of the United States, Title 35 of the United States Code. This Court has

6   original jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331

7   and 1338(a).

### PARTIES

9        2.      Plaintiff Universal Electronics Inc. ("UEI") is a Delaware Corporation

10   that has a principal place of business at 201 E. Sandpointe Avenue, Santa Ana,

11   California 92707. UEI has been an industry leader in the design, development and

12   manufacture of remote control technology for over twenty years. UEI develops

13   and manufactures a broad line of products, software and technologies that are

14   marketed to enhance home entertainment systems. Its offerings include universal

15   remote controls, audio-video accessories and integrated circuits, as well as

16   software, firmware and technology solutions that can enable devices to wirelessly

17   connect and interact with home networks and interactive services to deliver digital

18   entertainment and information. UEI's investments in and commitment to

19   innovation, research and development have resulted in substantial and valuable

20   portfolios of intellectual property rights, including patents in the area of remote

21   controls.

22        3.      UEI owns and has standing to sue for infringement of United States

23   Patent No. 5,228,077 ("the '077 Patent"), entitled "Remotely Upgradable

24   Universal Remote Control" which issued on July 13, 1993.

- 1 -

COMPLAINT
DWT 22214983v1 0095529-000001

4.      UEI owns and has standing to sue for infringement of United States Patent No. 5,255,313 ("the '313 Patent"), entitled "Universal Remote Control System," which issued on October 19, 1993.

5.      UEI owns and has standing to sue for infringement of United States Patent No. 5,414,761 ("the '761 Patent"), entitled "Remote Control System," which issued on May 9, 1995.

6.      UEI owns and has standing to sue for infringement of United States Patent No. 5,552,917 ("the '917 Patent"), entitled "Remote Control," which issued on September 3, 1996.

7.      UEI owns and has standing to sue for infringement of United States Reissued Patent No. RE39,059 E ("the '059 Patent"), entitled "Computer Programmable Remote Control," which issued on April 4, 2006 and is a reissue of United States Patent No. 6,211,870, entitled "Computer Programmable Remote Control," which issued on April 3, 2001.

8.      UEI is the exclusive licensee of and holds all substantial rights and interest to enforce United States Patent No. 6,407,779 B1 ("the '779 Patent"), entitled "Method and Apparatus for an Intuitive Universal Remote Control System," which issued on June 18, 2002.

9.      UEI owns and has standing to sue for infringement of United States Patent No. 7, 126,468 B2 ("the '468 Patent"), entitled "System and Method for Monitoring Remote Control Transmissions," which issued on October 24, 2006.

10.     UEI is the exclusive licensee of and holds all substantial rights and interest to enforce United States Patent No. 7,589,642 B1 ("the '642 Patent"), entitled "Relaying Key Code Signals Through A Remote Control Device," which issued on September 15, 2009.

- 2 -

11.     UEI owns and has standing to sue for infringement of United States Patent No. 7,831,930 B2 ("the '930 Patent"), entitled "System and Method for Displaying a User Interface for a Remote Control Application," which issued on November 9, 2010.

12.     Defendant Universal Remote Control, Inc. ("URC") is a New York corporation with its principal place of business at 500 Mamaroneck Avenue, Suite 502, Harrison, New York, 10528.

## JURISDICTION AND VENUE

13.     URC sells and distributes remote control devices products and other home automation products.   The remote control products relevant to this action generally include programmable and upgradeable remote control devices and products including software, hardware and interfaces.

14.     URC imports these devices and products into the United States from, among others, a Korean manufacturer, Ohsung Electronics Co., Ltd., and sells them to residential and commercial customers such as subscription broadcast providers, dealers, custom installers, retailers, and OEM customers, which, in turn, resell these products to users throughout the United States, including those in this judicial district.

15.     At least through the foregoing activities, URC is doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district, and has established sufficient minimum contacts with the State of California such that it should reasonably and fairly anticipate being brought into court in California.

16.     Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

- 3 -

COMPLAINT
DWT 22214983v1 0095529-000001

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CLAIMS FOR PATENT INFRINGEMENT

### COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 5,228,077

17.   UEI re-alleges and incorporates by reference all of its allegations set forth above in Paragraphs 1 through 16.

18.   With its knowledge of United States Patent No. 5,228,077 and its infringement prior to the expiration of the '077 Patent, URC imported into the United States, and used, offered to sell and sold in the United States, remote control devices and products that, alone or in combination, infringed the '077 Patent, including, without limitation, those with URC model numbers MX-780, MX-810, MX-850, MX-880, MX-890, MX-900i, MX-980, MX-1200, MX-3000, MX-5000, MX-6000, UR4U-MDVR2B, UR4U-MDVR-CHD2, UR5U-6200, UR5U-6200L, UR5U-8700L, UR5U-8720L, UR5U-8800, UR5U-8800L, UR5U-8820, UR5U-8820L, and other remote control devices and products with different model names or numbers, but with substantially the same designs, features and functionalities, which were imported, used, sold or offered for sale prior to the expiration of the '077 Patent ("the '077 Patent Accused URC Remotes").

19.   The '077 Patent Accused URC Remotes are universal remote controls capable of controlling various devices.

20.   The '077 Patent Accused URC Remotes are designed to be coupled to a computer.

21.   The '077 Patent Accused URC Remotes each have infrared lamp driver circuitry.

22.   The '077 Patent Accused URC Remotes each include a connector on the circuit board for coupling the remote to a computer.

- 4 -

COMPLAINT
DWT 22214983v1 0095529-000001

23.   URC infringed at least claim 13 of the '077 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, importing, using, offering to sell and selling the '077 Patent Accused URC Remotes in the United States.

24.   URC also indirectly infringed at least claim 13 of the '077 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of the claim.   URC knew about the '077 Patent and its infringement prior to the expiration of the '077 Patent.   URC knowingly and actively induced infringement of at least claim 13 of the '077 Patent, for example, through the foregoing activities including, without limitation, importing, offering to sell and selling the '077 Patent Accused URC Remotes, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the '077 Patent Accused URC Remotes in a manner that infringes at least claim 13 of the '077 Patent.   The direct infringers that were induced to infringe the '077 Patent by URC included, without limitation, its customers, resellers and users that offered for sale, sold and used the '077 Patent Accused URC Remotes.

25.   URC also indirectly infringed at least claim 13 of the '077 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering to sell and selling the '077 Patent Accused URC Remotes and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the offer for sale, sale and use of the '077 Patent Accused URC Remotes, which constituted a material part of the patented invention of claim 13 of the '077 Patent, which URC knew were especially made or adapted for use in an infringement of at least claim 13 of the '077 Patent, and which were not a staple article of commerce suitable for substantial non-infringing use.   The direct infringers for URC's contributory

- 5 -

infringement under 35 U.S.C. § 271(c) included, without limitation, its customers, resellers and users that offered for sale, sold and used the '077 Patent Accused URC Remotes.

26.    To the extent required by law, UEI complied with the provisions of 35 U.S.C. § 287 with respect to the '077 Patent.

27.    URC was placed on notice of the '077 Patent and URC's infringement prior to the expiration of the '077 Patent.  Yet, it continued its unlicensed and unauthorized infringement with no regard to the '077 Patent or UEI's rights.  This infringement continued despite an objectively high likelihood that URC's actions would constitute infringement of the '077 Patent.  This objectively high likelihood of infringement was either known to URC or so obvious that it should have been known to URC.  To date, URC has not presented any competent advice of counsel upon which it has relied; nor has it presented any reasonable defense of non-infringement, invalidity or unenforceability.   URC's infringement of the '077 Patent was willful, deliberate and objectively reckless.

28.    URC's direct infringement, inducement to infringe and contributory infringement of the '077 Patent injured UEI and UEI is entitled to recover damages adequate to compensate it for such infringement.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 5,255,313

29.    UEI re-alleges and incorporates by reference all of its allegations set forth above in Paragraphs 1 through 16.

30.    With its knowledge of United States Patent No. 5,255,313 and its infringement prior to the expiration of the '313 Patent, URC imported into the United States, and used, offered to sell and sold in the United States, remote control devices and products that, alone or in combination, infringe the '313

- 6 -

COMPLAINT
DWT 22214983v1 0095529-000001

Patent, including, without limitation, those with URC model numbers MX-780, MX-810, MX-850, MX-880, MX-890, MX-900i, MX-980, MX-1200, MX-3000, MX-5000, MX-6000, UR4U-MDVR2B, UR4U-MDVR-CHD2, UR5U-6200, UR5U-6200L, UR5U-8700L, UR5U-8720L, UR5U-8800, UR5U-8800L, UR5U-8820, UR5U-8820L, and other remote control devices and products with different model names or numbers, but with substantially the same designs, features and functionalities,  which were imported, used, sold or offered for sale prior to the expiration of the '313 Patent ("the '313 Patent Accused URC Remotes").

31.    The '313 Patent Accused URC Remotes are universal remote controls capable of controlling various devices.

32.    The '313 Patent Accused URC Remotes are designed to be coupled to a computer.

33.    The '313 Patent Accused URC Remotes each have infrared lamp driver circuitry.

34.    The '313 Patent Accused URC Remotes each include a connector on the circuit board for coupling the remote to a computer.

35.    URC infringed at least claim 2 of the '313 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, importing, using, offering to sell and selling the '313 Patent Accused URC Remotes in the United States.

36.    URC indirectly infringed at least claims 1, 2 and 20 of the '313 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. URC knew about the '313 Patent and its infringement before the expiration of the '313 Patent. URC knowingly and actively induced infringement of at least claims 1, 2 and 20 of the '313 Patent, for example, through the foregoing activities including, without limitation, importing, offering to sell and selling the

- 7 -

COMPLAINT
DWT 22214983v1 0095529-000001

'313 Patent Accused URC Remotes, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the '313 Patent Accused URC Remotes in a manner that infringes at least claims 1, 2 and 20 of the '313 Patent. The direct infringers that were induced by URC included, without limitation, its customers, resellers and users that offered for sale, sold and used the '313 Patent Accused URC Remotes.

37.     URC also indirectly infringed at least claims 1, 2 and 20 of the '313 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering to sell and selling the '313 Patent Accused URC Remotes and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the offer for sale, sale and use of the '313 Patent Accused URC Remotes, which constituted a material part of the patented inventions of claims 1, 2 and 20 of the '313 Patent, which URC knew were especially made or adapted for use in an infringement of at least claims 1, 2 and 20 of the '313 Patent, and which were not a staple article of commerce suitable for substantial non-infringing use.  The direct infringers for URC's contributory infringement under 35 U.S.C. § 271(c) included, without limitation, its customers, resellers and users that offered for sale, sold and used the '313 Patent Accused URC Remotes.

38.     To the extent required by law, UEI complied with the provisions of 35 U.S.C. § 287 with respect to the '313 Patent.

39.     URC was placed on notice of the '313 Patent and URC's infringement prior to the expiration of the '313 Patent.  Yet, it continued its unlicensed and unauthorized infringement with no regard to the '313 Patent or UEI's rights.  This infringement continued despite an objectively high likelihood that URC's actions would constitute infringement of the '313 Patent.  This objectively high likelihood

- 8 -

COMPLAINT
DWT 22214983v1 0095529-000001

1  of infringement was either known to URC or so obvious that it should have been

2  known to URC.  To date, URC has not presented any competent advice of counsel

3  upon which it has relied; nor has it presented any reasonable defense of non-

4  infringement, invalidity or unenforceability. URC's infringement of the '313

5  Patent was willful, deliberate and objectively reckless.

6      40.   URC's direct infringement, inducement to infringe and contributory

7  infringement of the '313 Patent injured UEI and UEI is entitled to recover damages

8  adequate to compensate it for such infringement.

9                         **COUNT III**

10        **INFRINGEMENT OF U.S. PATENT NO. 5,414,761**

11     41.   UEI re-alleges and incorporates by reference all of its allegations set

12  forth above in Paragraphs 1 through 16.

13     42.   With its knowledge of United States Patent No. 5,414,761 and its

14  infringement prior to the expiration of the '761 Patent, URC imported into the

15  United States, and used, offered to sell and sold in the United States, remote

16  control devices and products that, alone or in combination, infringed the '761

17  Patent, including, without limitation, those with URC model numbersMX-780,

18  MX-810, MX-850, MX-880, MX-890, MX-900i, MX-980, MX-1200, MX-3000,

19  MX-5000, MX-6000, UR4U-MDVR2B, UR4U-MDVR-CHD2, UR5U-6200,

20  UR5U-6200L, UR5U-8700L, UR5U-8720L, UR5U-8800, UR5U-8800L, UR5U-

21  8820, UR5U-8820L, and other remote control devices and products with different

22  model names or numbers but with substantially the same designs, features and

23  functionalities, which were imported, used, sold or offered for sale prior to the

24  expiration of the '761 Patent ("the '761 Patent Accused URC Remotes").

25     43.   The '761 Patent Accused URC Remotes are designed to be coupled to

26  a computer.

27                            - 9 -

28  COMPLAINT
    DWT 22214983v1 0095529-000001

44.     The '761 Patent Accused URC Remotes each have infrared lamp driver circuitry.

45.     The '761 Patent Accused URC Remotes each have a connector on the circuit board for coupling the '761 Patent Accused URC Remotes to a computer.

46.     URC infringed at least claims 1, 9 and 10 of the '761 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities, including importing, using, offering to sell and selling the '761 Patent Accused URC Remotes.

47.     URC indirectly infringed at least claims 1, 9, 10, 14, 15, 16 and 17 of the '761 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims.   URC knew about the '761 Patent and its infringement prior to the expiration of the '761 Patent. URC knowingly and actively induced infringement of at least claims 1, 9, 10, 14, 15, 16 and 17 of the '761 Patent, for example, through the foregoing activities including, without limitation, importing, offering to sell and selling the '761 Patent Accused URC Remotes, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the '761 Patent Accused URC Remotes in a manner that infringed at least claims 1, 9, 10, 14, 15, 16 and 17 of the '761 Patent.  The direct infringers that were induced to infringe the '761 Patent by URC included, without limitation, its customers, resellers and users that offered for sale, sold and used the '761 Patent Accused URC Remotes.

48.     URC also indirectly infringed at least claims 1, 9, 10, 14, 15, 16 and 17 of the '761 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering to sell and selling the '761 Patent Accused URC Remotes and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the offer for

- 10 -

1    sale, sale and use of the '761 Patent Accused URC Remotes, which constituted a
2    material part of the patented inventions of claims 1, 9, 10, 14, 15, 16 and 17 of the
3    '761 Patent, which URC knew were especially made or adapted for use in an
4    infringement of at least claims 1, 9, 10, 14, 15, 16 and 17 of the '761 Patent, and
5    which were not a staple article of commerce suitable for substantial non-infringing
6    use. The direct infringers for URC's contributory infringement under 35 U.S.C.
7    § 271(c) included, without limitation, its customers, resellers and users that offer
8    for sale, sell and use the '761 Patent Accused URC Remotes.

9         49.   To the extent required by law, UEI complied with the provisions of 35
10   U.S.C. § 287 with respect to the '761 Patent.

11        50.   URC was placed on notice of the '761 Patent and its infringement
12   prior to the expiration of the '761 Patent.  Yet, it continued its unlicensed and
13   unauthorized infringement with no regard to the '761 Patent or UEI's rights.  This
14   infringement continued despite an objectively high likelihood that URC's actions
15   would constitute infringement of the '761 Patent.  This objectively high likelihood
16   of infringement was either known to URC or so obvious that it should have been
17   known to URC.  To date, URC has not presented any competent advice of counsel
18   upon which it has relied; nor has it presented any reasonable defense of non-
19   infringement, invalidity or unenforceability.  URC's infringement of the '761
20   Patent was willful, deliberate and objectively reckless.

21        51.   URC's direct infringement, inducement to infringe and contributory
22   infringement of the '761 Patent injured UEI and UEI is entitled to recover damages
23   adequate to compensate it for such infringement.

24

25

26

27                                    - 11 -

28   COMPLAINT
     DWT 22214983v1 0095529-000001

## COUNT IV

### INFRINGEMENT OF U.S. PATENT NO. 5,552,917

52.     UEI re-alleges and incorporates by reference all of its allegations set forth above in Paragraphs 1 through 16.

53.     With its knowledge of United States Patent No. 5,552,917 and its infringement, URC has imported into the United States, and has used, offered to sell and sold in the United States, remote controls that, alone or in combination, infringe the '917 Patent, including, without limitation, those with URC model numbers MX-780, MX-810, MX-850, MX-880, MX-890, MX-900i, MX-980, MX-1200, MX-3000, MX-5000, MX-6000, UR4U-MDVR2B, UR4U-MDVR-CHD2, UR5U-6200, UR5U-6200L, UR5U-8700L, UR5U-8720L, UR5U-8800, UR5U-8800L, UR5U-8820, UR5U-8820L, and other remote control devices and products with different model names or numbers but with substantially the same designs, features and functionalities ("the '917 Patent Accused URC Remotes").

54.     The '917 Patent Accused URC Remotes are universal remotes capable of controlling various devices.

55.     The '917 Patent Accused URC Remotes each have infrared lamp driver circuitry.

56.     The '917 Patent Accused URC Remotes each have a connector on the circuit board for coupling the '917 Patent Accused URC Remotes to a computer.

57.     URC has infringed and continues to infringe at least claim 1 of the '917 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities, including importing, using, offering to sell and selling the '917 Patent Accused URC Remotes.

58.     URC has indirectly infringed and continues to indirectly infringe at least claim 1 of the '917 Patent under 35 U.S.C. § 271(b) by knowingly and

- 12 -

1   actively inducing infringement of the claim.  URC has known about the '917

2   Patent and its infringement prior to the filing of this Complaint.  URC has

3   knowingly and actively induced infringement of at least claim 1 of the '917 Patent,

4   for example, through the foregoing activities including, without limitation,

5   importing, offering to sell and selling the '917 Patent Accused URC Remotes, and

6   by instructing, aiding, assisting and encouraging the offer for sale, sale and use of

7   the '917 Patent Accused URC Remotes in a manner that infringes at least claim 1

8   of the '917 Patent.  The direct infringers that are being induced by URC include,

9   without limitation, its customers, resellers and users that offer for sale, sell and use

10  the '917 Patent Accused URC Remotes.

11        59.    URC has also indirectly infringed and continues to indirectly infringe

12  at least claim 1 of the '917 Patent under 35 U.S.C. § 271(c) through the foregoing

13  activities including, among other things, importing, offering to sell and selling the

14  '917 Patent Accused URC Remotes and by instructing, aiding, assisting,

15  authorizing, advertising, marketing, promoting, providing for and/or encouraging

16  the use of the '917 Patent Accused URC Remotes, which constitute a material part

17  of the patented inventions of claim 1 of the '917 Patent, which URC knows are

18  especially made or adapted for use in an infringement of at least claim 1 of the

19  '917 Patent, and which are not a staple article of commerce suitable for substantial

20  non-infringing use.  The direct infringers for URC's contributory infringement

21  under 35 U.S.C. § 271(c) include, without limitation, its customers, resellers and

22  users that offer for sale, sell and use the '917 Patent Accused URC Remotes.

23        60.    To the extent required by law, UEI has complied with the provisions

24  of 35 U.S.C. § 287 with respect to the '917 Patent.

25        61.    URC was placed on notice of the '917 Patent and URC's infringement

26  prior to the filing of this Complaint.  Yet, it has continued its unlicensed and

27                                    - 13 -

28  COMPLAINT
    DWT 22214983v1 0095529-000001

unauthorized infringement with no regard to the '917 Patent or UEI's rights.  This infringement continues today despite an objectively high likelihood that URC's actions would constitute infringement of the '917 Patent.  This objectively high likelihood of infringement either has been known to URC or so obvious that it should have been known to URC.  To date, URC has not presented any competent advice of counsel upon which it has relied; nor has it presented any reasonable defense of non-infringement, invalidity or unenforceability. URC's infringement of the '917 Patent has been willful, deliberate and objectively reckless.

62.    URC's direct infringement, inducement to infringe and contributory infringement of the '917 Patent have injured UEI and UEI is entitled to recover damages adequate to compensate it for such infringement.

63.    URC's infringing activities have injured and will continue to injure UEI unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further direct infringement, inducement to infringe and contributory infringement of the '917 Patent.

## COUNT V

### INFRINGEMENT OF U.S. PATENT NO. RE39,059

64.    UEI re-alleges and incorporates by reference all of its allegations set forth above in Paragraphs 1 through 16.

65.    With its knowledge of United Patent No. RE39,059 and its infringement, URC has imported into the United States, and has used, offered to sell and sold in the United States, remote control devices and products, including software, that, alone or in combination, infringe the '059 Patent, including, without limitation, those with URC model numbers  MX-6000 and the Complete Control PC Program, MX-3000 and the MX-3000 Editor, and other remote control devices and products including software with different model names or numbers but with

- 14 -

1 | substantially the same designs, features and functionalities as the MX-6000 and the

2 | Complete Control PC Program and the MX-3000 and the MX-3000 Editor ("the

3 | '059 Patent Accused URC Remotes and Software").

4 |      66.    The '059 Patent Accused URC Remotes are programmable remote

5 | controls.

6 |      67.    URC makes, uses, imports into the United States, and offers to sell

7 | and sells remote control development programs called Complete Control PC

8 | Program and MX-3000 Editor for setting up and installing the '059 Patent Accused

9 | URC Remotes.

10 |      68.    The '059 Patent Accused URC Remotes are designed to be

11 | programmed via remote control development programs running on a computer,

12 | such as the Complete Control PC Program and MX-3000 Editor.

13 |      69.    URC's remote control development programs, including the Complete

14 | Control PC Program and the MX-3000 Editor, provide the ability to edit a screen

15 | object.

16 |      70.    URC has infringed and continues to infringe at least claims 13, 14, 15,

17 | 16, 17, 19, 20, 21 and 22 of the '059 Patent within the meaning of 35 U.S.C.

18 | § 271(a) through the foregoing activities, including importing, using, offering to

19 | sell and selling the '059 Patent Accused URC Remotes and Software.  In addition,

20 | URC has infringed and continues to infringe at least claims 23, 24, 25, 26 and 30

21 | of the '059 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing

22 | activities, including at least using the '059 Patent Accused URC Remotes and

23 | Software in infringing manners.

24 |      71.    URC has indirectly infringed and continues to indirectly infringe at

25 | least claims 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26 and 30 of the '059

26 | Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement

27 |

- 15 -

28 | COMPLAINT

DWT 22214983v1 0095529-000001

of those claims.  URC has known about the '059 Patent and its infringement prior to the filing of this Complaint.   URC has knowingly and actively induced infringement of at least claims 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26 and 30 of the '059 Patent, for example, through the foregoing activities including, without limitation, importing, offering to sell and selling the '059 Patent Accused URC Remotes and Software, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the '059 Patent Accused URC Remotes and Software in a manner that infringes at least claims 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26 and 30 of the '059 Patent.  The direct infringers that are being induced by URC include, without limitation, its customers, installers, resellers and users that offer for sale, sell and use the '059 Patent Accused URC Remotes and Software.

72.    URC has also indirectly infringed and continues to indirectly infringe at least claims 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26 and 30 of the '059 Patent under 35 U.S.C. § 271(c) through the foregoing activities including, among other things, importing, offering to sell and selling the '059 Patent Accused URC Remotes and Software and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the use of the '059 Patent Accused URC Remotes and Software, which constitute a material part of the patented inventions of claims 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26 and 30 of the '059 Patent, which URC knows are especially made or adapted for use in an infringement of at least claims 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26 and 30 of the '059 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for URC's contributory infringement under 35 U.S.C. § 271(c) include, without

- 16 -

COMPLAINT
DWT 22214983v1 0095529-000001

1   limitation, its customers, installers, resellers and users that offer for sale, sell and
2   use the '059 Patent Accused URC Remotes and Software.

3        73.    To the extent required by law, UEI has complied with the provisions
4   of 35 U.S.C. § 287 with respect to the '059 Patent.

5        74.    URC was placed on notice of the '059 Patent and URC's infringement
6   prior to the filing of this Complaint.  Yet, it has continued its unlicensed and
7   unauthorized infringement with no regard to the '059 Patent or UEI's rights.  This
8   infringement continues today despite an objectively high likelihood that URC's
9   actions would constitute infringement of the '059 Patent.  This objectively high
10  likelihood of infringement either has been known to URC or so obvious that it
11  should have been known to URC.  To date, URC has not presented any competent
12  advice of counsel upon which it has relied; nor has it presented any reasonable
13  defense of non-infringement, invalidity or unenforceability. URC's infringement of
14  the '059 Patent has been willful, deliberate and objectively reckless.

15       75.    URC's direct infringement, inducement to infringe and contributory
16  infringement of the '059 Patent have injured UEI and UEI is entitled to recover
17  damages adequate to compensate it for such infringement.

18       76.    URC's infringing activities have injured and will continue to injure
19  UEI unless and until this Court enters an injunction prohibiting further
20  infringement and, specifically, enjoining further direct infringement, inducement to
21  infringe and contributory infringement of the '059 Patent.

### COUNT VI

### INFRINGEMENT OF U.S. PATENT NO. 6,407,779

24       77.    UEI re-alleges and incorporates by reference all of its allegations set
25  forth above in Paragraphs 1 through 16.

- 17 -

COMPLAINT
DWT 22214983v1 0095529-000001

78. With its knowledge of United States Patent No. 6,407,779 Patent and its infringement, URC has imported into the United States, and has used, offered to sell and sold in the United States, remote controls, interfaces and software that, alone or in combination, infringe the '779 Patent, including, without limitation, those with URC model numbers MX-5000 with MRX-1, and other remote controls, interfaces and software with different model names or numbers but with substantially the same designs, features and functionalities as the MX-5000 with MRX-1 ("the '779 Patent Accused URC Remotes, Interfaces and Software").

79. The '779 Patent Accused URC Remotes, Interfaces and Software include remote controls that communicate with audio/video (AV) devices.

80. The '779 Patent Accused URC Remotes, Interfaces and Software include remote controls with a user interface.

81. The '779 Patent Accused URC Remotes, Interfaces and Software include remote controls with a user interface including a touch screen display.

82. URC has infringed and continues to infringe at least claims 7, 8, 11 and 12 of the '779 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities, including at least using the '779 Patent Accused URC Remotes, Interfaces and Software. In addition, URC has infringed and continues to infringe at least claims 7, 8, 11 and 12 of the '779 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities, including at least using the '779 Patent Accused URC Remotes, Interfaces and Software together with IP controlled audio video receivers from B&K, Integra and Yamaha. URC has also infringed and continues to infringe at least claims 7, 8, 11 and 12 of the '779 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities, including at least using the '779 Patent Accused URC Remotes, Interfaces and Software in infringing manners.

- 18 -

COMPLAINT
DWT 22214983v1 0095529-000001

83.     URC has indirectly infringed and continues to indirectly infringe at least claims 7, 8, 11 and 12 of the '779 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims.  URC has known about the '779 Patent and its infringement prior to the filing of this Complaint.  URC has knowingly and actively induced infringement of at least claims 7, 8, 11 and 12 of the '779 Patent, for example, through the foregoing activities including, without limitation, importing, offering to sell and selling the '779 Patent Accused URC Remotes, Interfaces and Software, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the '779 Patent Accused URC Remotes, Interfaces and Software in a manner that infringes at least claims 7, 8, 11 and 12 of the '779 Patent.  The direct infringers that are being induced by URC include, without limitation, its customers, installers, resellers and users that offer for sale, sell and use the '779 Patent Accused URC Remotes, Interfaces and Software.

84.     URC has also indirectly infringed and continues to indirectly infringe at least claims 7, 8, 11 and 12 of the '779 Patent under 35 U.S.C. § 271(c) by contributing to the infringement of those claims.  URC has known about the '779 Patent and its infringement prior to the filing of this Complaint.  URC has contributed to the infringement of at least claims 7, 8, 11 and 12 of the '779 Patent through the foregoing activities including, without limitation, importing, offering to sell and selling the '779 Patent Accused URC Remotes, Interfaces and Software and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the use of the '779 Patent Accused URC Remotes, Interfaces and Software, which constitute a material part of the patented inventions of claims 7, 8, 11 and 12 of the '779 Patent, which URC knows are especially made or adapted for use in an infringement of at least claims

- 19 -

7, 8, 11 and 12 of the '779 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for URC's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, its customers, installers, resellers and users that offer for sale, sell and use the '779 Patent Accused URC Remotes, Interfaces and Software.

85. To the extent required by law, UEI has complied with the provisions of 35 U.S.C. § 287 with respect to the '779 Patent.

86. URC's direct infringement, inducement to infringe and contributory infringement of the '779 Patent have injured UEI and UEI is entitled to recover damages adequate to compensate it for such infringement.

87. URC's infringing activities have injured and will continue to injure UEI unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further direct infringement, inducement to infringe and contributory infringement of the '779 Patent.

## COUNT VII

## INFRINGEMENT OF U.S. PATENT NO. 7,126,468 B2

88. UEI re-alleges and incorporates by reference all of its allegations set forth above in Paragraphs 1 through 16.

89. With its knowledge of United States Patent No. 7,126,468 and its infringement, URC has imported into the United States, and has used, offered to sell and sold in the United States, remote controls, interfaces and software that, alone or in combination, infringe the '468 Patent, including, without limitation, URC model number MSC-400, and other remote controls, interfaces and software with different model names or numbers but with substantially the same designs, features and functionalities as the MSC-400 ("the '468 Patent Accused URC Remotes, Interfaces and Software").

- 20 -

COMPLAINT
DWT 22214983v1 0095529-000001

90.     URC has infringed and continues to infringe at least claims 35, 45, 46, and 49 of the '468 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities, including, without limitation, using, offering to sell, selling and importing the '468 Patent Accused URC Remotes, Interfaces and Software. In addition, URC has infringed and continues to infringe at least claims 1, 2, 11, 27, 28, 29 and 33 of the '468 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities, including, without limitation, using the '468 Patent Accused URC Remotes, Interfaces and Software in infringing manners.

91.     URC has indirectly infringed and continues to indirectly infringe at least claims 1, 2, 11, 27, 28, 29, 33, 35, 45, 46, and 49 of the '468 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. URC has known about the '468 Patent and its infringement prior to the filing of this Complaint. URC has knowingly and actively induced infringement of at least claims 1, 2, 11, 27, 28, 29, 33, 35, 45, 46, and 49 of the '468 Patent, for example, through the foregoing activities including, without limitation, importing, offering to sell and selling the '468 Patent Accused URC Remotes, Interfaces and Software, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the '468 Patent Accused URC Remotes, Interfaces and Software in a manner that infringes at least claims 1, 2, 11, 27, 28, 29, 33, 35, 45, 46, and 49 of the '468 Patent.   The direct infringers that are being induced by URC include, without limitation, its customers, installers, resellers and users that offer for sale, sell and use the '468 Patent Accused URC Remotes, Interfaces and Software.

92.     URC has also indirectly infringed and continues to indirectly infringe at least claims 1, 2, 11, 27, 28, 29, 33, 35, 45, 46, and 49 of the '468 Patent under 35 U.S.C. § 271(c) by contributing to the infringement of those claims.  URC has known about the '468 Patent and its infringement prior to the filing of this

- 21 -

COMPLAINT
DWT 22214983v1 0095529-000001

1   Complaint. URC has contributed to the infringement of at least claims 1, 2, 11, 27,
2   28, 29, 33, 35, 45, 46, and 49 of the '468 Patent through the foregoing activities
3   including, without limitation, importing, offering to sell and selling the '468 Patent
4   Accused URC Remotes, Interfaces and Software and by instructing, aiding,
5   assisting, authorizing, advertising, marketing, promoting, providing for and/or
6   encouraging the use of the '468 Patent Accused URC Remotes, Interfaces and
7   Software, which constitute a material part of the patented inventions of claims 1, 2,
8   11, 27, 28, 29, 33, 35, 45, 46, and 49 of the '468 Patent, which URC knows are
9   especially made or adapted for use in an infringement of at least claims 1, 2, 11,
10  27, 28, 29, 33, 35, 45, 46, and 49 of the '468 Patent, and which are not a staple
11  article of commerce suitable for substantial non-infringing use.   The direct
12  infringers for URC's contributory infringement under 35 U.S.C. § 271(c) include,
13  without limitation, its customers, installers, resellers and users that offer for sale,
14  sell and use the '468 Patent Accused URC Remotes, Interfaces and Software.

15          93.    To the extent required by law, UEI has complied with the provisions
16  of 35 U.S.C. § 287 with respect to the '468 Patent.

17          94.    URC's direct infringement, inducement to infringe and contributory
18  infringement of the '468 Patent have injured UEI and UEI is entitled to recover
19  damages adequate to compensate it for such infringement.

20          95.    URC's infringing activities have injured and will continue to injure
21  UEI unless and until this Court enters an injunction prohibiting further
22  infringement and, specifically, enjoining further direct infringement, inducement to
23  infringe and contributory infringement of the '468 Patent

24
25
26
27                                              - 22 -
28  COMPLAINT
    DWT 22214983v1 0095529-000001

# COUNT VIII

## INFRINGEMENT OF U.S. PATENT NO. 7,589,642 B1

96.    UEI re-alleges and incorporates by reference all of its allegations set forth above in Paragraphs 1 through 16.

97.    With its knowledge of United States Patent No. 7,589,642 and its infringement, URC has imported into the United States, and has used, offered to sell and sold in the United States, remote controls, interfaces and software that, alone or in combination, infringe the '642 Patent, including, without limitation, those with URC model number MSC-400 and other remote controls, interfaces and software with different model names or numbers but with substantially the same designs, features and functionalities as the MSC-400 ("the '642 Patent Accused URC Remotes, Interfaces and Software").

98.    URC has infringed and continues to infringe at least claims 2, 5, 22 and 23 of the '642 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities, including at least using the '642 Patent Accused URC Remotes, Interfaces and Software in an infringing manner.

99.    URC has indirectly infringed and continues to indirectly infringe at least claims 2, 5, 22 and 23 of the '642 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims.  URC has known about the '642 Patent and its infringement prior to the filing of this Complaint. URC has knowingly and actively induced infringement of at least claims 2, 5, 22 and 23 of the '642 Patent, for example, through the foregoing activities including, without limitation, importing, offering to sell and selling the '642 Patent Accused URC Remotes, Interfaces and Software, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the '642 Patent Accused URC Remotes, Interfaces and Software in a manner that infringes at least claims 2, 5, 22

- 23 -

and 23 of the '642 Patent. The direct infringers that are being induced by URC include, without limitation, its customers, installers, resellers and users that offer for sale, sell and use the '642 Patent Accused URC Remotes, Interfaces and Software.

100. URC has also indirectly infringed and continues to indirectly infringe at least claims 2, 5, 22 and 23 of the '642 Patent under 35 U.S.C. § 271(c) by contributing to the infringement of those claims. URC has known about the '642 Patent and its infringement prior to the filing of this Complaint. URC has contributed to the infringement of at least claims 2, 5, 22 and 23 of the '642 Patent through the foregoing activities including, without limitation, importing, offering to sell and selling the '642 Patent Accused URC Remotes, Interfaces and Software and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the use of the '642 Patent Accused URC Remotes, Interfaces and Software, which constitute a material part of the patented inventions of claims 2, 5, 22 and 23 of the '642 Patent, which URC knows are especially made or adapted for use in an infringement of at least claims 2, 5, 22 and 23 of the '642 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for URC's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, its customers, installers, resellers and users that offer for sale, sell and use the '642 Patent Accused URC Remotes, Interfaces and Software.

101. To the extent required by law, UEI has complied with the provisions of 35 U.S.C. § 287 with respect to the '642 Patent.

102. URC's direct infringement, inducement to infringe and contributory infringement of the '642 Patent have injured UEI and UEI is entitled to recover damages adequate to compensate it for such infringement.

- 24 -

103. URC's infringing activities have injured and will continue to injure UEI unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further direct infringement, inducement to infringe and contributory infringement of the '642 Patent.

## COUNT IX

### INFRINGEMENT OF U.S. PATENT NO. 7,831,930 B2

104. UEI re-alleges and incorporates by reference all of its allegations set forth above in Paragraphs 1 through 16.

105. With its knowledge of United States Patent No. 7,831,930 and its infringement, URC has imported into the United States, and has used, offered to sell and sold in the United States remote control devices and products that infringe the '930 Patent, including, without limitation, those with URC model numbers MX-350, MX-450, MX-500, MX-810, MX-850, MX-880, MX-890, MX-900, MX-980, MX-1200, MX-3000, MX-5000, MX-6000, RF20, R40, R50 and iPads and iPhones running URC software applications, and other remote control devices and products with different model names or numbers but with substantially the same designs, features and functionalities as the MX-350, MX-450, MX-500, MX-810, MX-850, MX-880, MX-890, MX-900, MX-980, MX-1200, MX-3000, MX-5000, MX-6000, RF20, R40, R50 and iPads and iPhones running URC software applications ("the '930 Patent Accused URC Remotes").

106. The '930 Patent Accused URC Remotes include electronically readable media.

107. The '930 Patent Accused URC Remotes include a processor.

108. The '930 Patent Accused URC Remotes include a display.

109. The '930 Patent Accused URC Remotes display lists of favorite channels.

- 25 -

110. The '930 Patent Accused URC Remotes control home appliances.

111. The '930 Patent Accused URC Remotes transmit command codes to home appliances.

112. The '930 Patent Accused URC Remotes enable selection of favorite channel lists when displayed in the display of the remotes.

113. The '930 Patent Accused URC Remotes enable interaction of a remote control user with favorite channel lists when displayed in the display of the remote to cause the remote to transmit codes for tuning home appliances to favorite channels.

114. URC has infringed and continues to infringe at least claim 1 of the '930 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities, including using, offering to sell, selling and importing the '930 Patent Accused URC Remotes.

115. URC has indirectly infringed and continues to indirectly infringe at least claim 1 of the '930 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of the claim. URC has known about the '930 Patent and its infringement prior to the filing of this Complaint. URC has knowingly and actively induced infringement of at least claim 1 of the '930 Patent, for example, through the foregoing activities including, without limitation, importing, offering to sell and selling the '930 Patent Accused URC Remotes, Interfaces and Software, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the '930 Patent Accused URC Remotes, Interfaces and Software in a manner that infringes at least claim 1 of the '930 Patent. The direct infringers that are being induced by URC include, without limitation, its customers, installers, resellers and users that offer for sale, sell and use the '930 Patent Accused URC Remotes, Interfaces and Software.

- 26 -

116. URC has also indirectly infringed and continues to indirectly infringe at least claim 1 of the '930 Patent under 35 U.S.C. § 271(c) by contributing to the infringement of the claim. URC has known about the '930 Patent and its infringement prior to the filing of this Complaint. URC has contributed to the infringement of at least claim 1 of the '930 Patent through the foregoing activities including, without limitation, importing, offering to sell and selling the '930 Patent Accused URC Remotes and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the use of the '930 Patent Accused URC Remotes, which constitute a material part of the patented invention of claim 1 of the '930 Patent, which URC knows are especially made or adapted for use in an infringement of at least claim 1 of the '930 Patent, and which are not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for URC's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, its customers, installers, resellers and users that offer for sale, sell and use the '930 Patent Accused URC Remotes.

117. To the extent required by law, UEI has complied with the provisions of 35 U.S.C. § 287 with respect to the '930 Patent.

118. URC's direct infringement, inducement to infringe and contributory infringement of the '930 Patent have injured UEI and UEI is entitled to recover damages adequate to compensate it for such infringement.

119. URC's infringing activities have injured and will continue to injure UEI unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further direct infringement of the '930 Patent.

- 27 -

COMPLAINT
DWT 22214983v1 0095529-000001

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff UEI respectfully asks this Court to enter judgment against Defendant URC and against each of its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

        a.    The entry of judgment in favor of UEI and against URC;

        b.    An award of damages adequate to compensate UEI for the infringement by URC of each of United States Patent No. 5,228,077, United States Patent No. 5,255,313, United States Patent No. 5,414,761, United States Patent No. 5,552,917, United States Reissued Patent No. RE39,059, United States Patent No. 6,407,779, United States Patent No. 7,126,468, United States Patent No. 7,589,642 and United States Patent No. 7,831,930 that has occurred, including lost profits where appropriate, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

        c.    A finding that this case is exceptional and an award to UEI of its reasonable attorneys' fees and costs as provided by 35 U.S.C. § 285;

        d.    A permanent injunction prohibiting further direct infringement, inducement to infringe and contributory infringement of United States Patent No. 5,552,917, United States Reissued Patent No. RE39,059, United States Patent No. 6,407,779, United States Patent No. 7,126,468, United States Patent No. 7,589,642 and United States Patent No. 7,831,930; and

        e.    Such other relief that UEI is entitled to under law, and any other and further relief that this Court or a jury may deem just and proper.

- 28 -

## JURY DEMAND

UEI demands a trial by jury on all issues presented in this Complaint.

DATED:  June 28, 2013

DAVIS WRIGHT TREMAINE LLP
MARTIN L. FINEMAN
ANNA R. BUONO

NIRO HALLER & NIRO, LTD.
RAYMOND P. NIRO
CHRISTOPHER J. LEE
FREDERICK C. LANEY
LAURA A. KENNELLY
BRIAN E. HAAN

By: _____
           Anna R. Buono

Attorneys for Plaintiff,
UNIVERSAL ELECTRONICS INC.

- 29 -

COMPLAINT
DWT 22214983v1 0095529-000001

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John Kronstadt and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## SACV13- 984 JAK (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[_] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[_] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[_] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

## I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ )

Universal Electronics Inc.

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Universal Remote Control, Inc.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
MARTIN L. FINEMAN (CA Bar No. 104413), ANNA R. BUONO (CA Bar No. 232753)
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400, Los Angeles, CA 90017
(213) 633-6800

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

## V. REQUESTED IN COMPLAINT: JURY DEMAND: ☐ Yes ☐ No (Check "Yes" only if demanded in complaint.)

CLASS ACTION under F.R.Cv.P. 23: ☐ Yes ☒ No    ☒ MONEY DEMANDED IN COMPLAINT: $ TBD

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
35 U.S.C. Section 271

## VII. NATURE OF SUIT (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☒ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: **SACV13-00984 JAK (SHx)**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ NO   ☒ YES

If yes, list case number(s):   Universal Electronics Inc. v. Universal Remote Control, Inc. / Case No. SACV12-00329 AG (JPRx)

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☒ A. Arise from the same or closely related transactions, happenings, or events; or

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE:  6/27/13

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

Name & Address:
MARTIN L. FINEMAN (SBN 104413)
ANNA R. BUONO (SBN 232753)
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Telephone: 213.633.6800  Fax: 213.633.6899

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Universal Electronics Inc. | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | SACV13-00984 JAK (SHx) |
| v. | |
| Universal Remote Control, Inc. | **SUMMONS** |
| DEFENDANT(S). | |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Anna R. Buono_____, whose address is _Davis Wright Tremaine LLP, 865 S. Figueroa St., Suite 2400, Los Angeles, CA 90017___.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __10-08-13_____

By: _____
**LORI WAGERS**
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*